ROBERTS, J.
The appellant, Syna Lim, was charged and convicted of aggravated child abuse and first-degree felony murder in the death of two-year-old Amara Ou, who died of blunt force trauma to the head. The appellant raises two issues on appeal, only one of which merits discussion. She argues that her conviction for aggravated child abuse must be set aside because the merger doctrine precludes the use of aggravated child abuse as the underlying felony in a felony murder charge if only a single act of abuse led to the child’s death. We disagree and affirm.
The felony murder statute specifically provides that aggravated child abuse can serve as the underlying felony in a felony murder charge. See § 782.04(l)(a)2.h., Fla. Stat. (2006). This is true regardless of the number of acts of abuse that led to the child’s death. See Lewis v. State, 34 So.3d 183, 185-87 (Fla. 1st DCA 2010). Thus, the merger doctrine neither applies nor precludes the use of aggravated child abuse as the underlying felony in a felony murder charge so long as one or more acts of abuse led to the child’s death. See id. But see Sturdivant v. State, 2010 WL 3464410 (Fla. 1st DCA Sept.7, 2010), rev. granted, SC10-1791 (Fla. Oct. 15, 2010).
Even if aggravated child abuse can only serve as the underlying felony in a felony murder charge if more than one act of abuse led to the child’s death, we would still affirm. The cause of death in this case was blunt force trauma to the head. Although the exact form of abuse was unknown, the trauma was caused by multiple injuries to Amara’s head. Amara also suffered multiple injuries to other parts of her body. Thus, it is clear that more than one act of abuse led to Amara’s death. See Lewis, 34 So.3d at 187 (finding that more than a single act of abuse led to the child’s death based on her injuries and the manner of her death — drowning); Rosa v. *36 State, 2010 WL 2430985, *1 (Fla. 2d DCA June 18, 2010) (finding that more than a single act of abuse led to the child’s death where the child was strangled and had multiple injuries on other parts of his body); Dorsey v. State, 942 So.2d 983, 985-86 (Fla. 5th DCA 2006) (finding that more than one act of abuse led to the child’s death where the child was shaken to death).
AFFIRMED.
HAWKES, C.J., and ROWE, J., concur.